IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES FLOYD CLEAVER,**

                **Petitioner,**

       v.                                          CASE NO. 12-3098-RDR

**JON LOFTNESS,**

                **Respondent.**

### O R D E R

This matter comes before the court on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241, filed by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas. Petitioner proceeds pro se, and has paid the district court filing fee.

Petitioner states he is serving a sentence imposed in his criminal conviction in the District of Colorado, and claims he was denied due process in the course of his post-conviction motion for relief under 28 U.S.C. § 2255 and appeal therefrom. Petitioner alleges error in the district court's handling of petitioner's § 2255 motion, and denial of petitioner's motion for relief from judgment. Petitioner's appeals in both matters met with no success at the Tenth Circuit Court of Appeals.

Petitioner filed the instant action, reasserting his claim of innocence, and seeking a new trial to prove it. In the alternative he seeks a declaratory judgment in his favor and his immediate release.

"A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence." *Brace v. U.S.*, 634 F.3d 1167, 1169 (10th Cir.2011) (internal quotation marks and citation omitted).

In the instant matter, petitioner is challenging the legality of his District of Colorado conviction. He may do so under § 2241 only under the limited circumstances provided in the so-called "savings clause" of § 2255, whereby a § 2241 petition may be appropriate if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996). Petitioner bears the burden of making such a showing, and it is well established that § 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir.2010).

Here, petitioner's claim of innocence, and allegations of procedural irregularities by the district and circuit courts in his criminal and post-conviction proceedings, are insufficient to establish that the statutory remedy under § 2255 is inadequate or ineffective. *Id*. The court thus finds the petition should be summarily dismissed because this court has no jurisdiction under § 2241 to consider petitioner's claims.

IT IS THEREFORE ORDERED that the petition is dismissed without prejudice.

DATED:  This 24th day of July 2012, at Topeka, Kansas.

                                       s/ Richard D. Rogers
                                      RICHARD D. ROGERS
                                      United States District Judge